UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OLDEN JERMAINE MEDLEY,

    Petitioner,

v.

PERCY CONERLY,

    Respondent.
                                                        /

Case No. 2:09-cv-10273

HONORABLE DENISE PAGE HOOD

**OPINION AND ORDER DENYING PETITION FOR WRIT OF
HABEAS CORPUS AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY**

Olden Jermaine Medley, ("Petitioner"), seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, Petitioner challenges his convictions for felon in possession of a firearm, M.C.L.A. 750.224f; carrying a concealed weapon, M.C.L.A. 750.227; and felony firearm, M.C.L.A. 750.227b. For the reasons stated below, the application for a writ of habeas corpus is denied with prejudice.

I. JURISDICTION

At the time he filed the Petition, Petitioner was confined to the Pine River Correctional Facility in the custody of Respondent Percy Conerly. Since that time, Petitioner completed his sentence and has been released from prison. This raises a threshold question of the jurisdiction of this Court to hear the Petition.

The Court has habeas jurisdiction over state prisoners who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. The custody requirement is jurisdictional, and a federal court lacks jurisdiction to accord habeas relief if a petitioner is not in custody. *Sevier v. Turner*, 742 F.2d 262, 268 (6th Cir. 1984).

Whether a habeas petitioner is "in custody" for purposes of 28 U.S.C. § 2241 is determined at the time the complaint is filed. *Carafas v. LaValee*, 391 U.S. 234, 238 (1968). Petitioner was incarcerated at the time the Petition was filed and therefore the custody requirement has been met. Nor is the Petition moot. The Court retains jurisdiction over the Petition despite the Petitioner's release. *See Abela v. Martin*, 380 F.3d 915, 921 (6th Cir. 2004) (Petitioner's release from custody and subsequent conclusion of his term of parole after filing of petition do not render moot the petition). The Court therefore retains jurisdiction over the Petition.

## II. FACTS

The Michigan Court of Appeals summarized the facts adduced at trial:

> On the night of January 26, 2006, Officers Bridges and Johnson spotted defendant walking down the middle of Van Buren Street. A Detroit ordinance prohibits walking in the street where sidewalks exist. As the police car pulled closer, defendant began to run. Officer Johnson chased defendant through several alleys and between several houses. Before Officer Johnson apprehended defendant, defendant pulled a nickel-plated handgun from the inside pocket of his jacket, and he threw it to the ground in a field behind a house. Officer Johnson returned to the field and recovered the handgun. Nyra Turner, an investigator for the Detroit police for 13 years, received the handgun. At trial, Turner did not have the gun, and she testified that she could not get it on such short notice. She had filled out the paperwork for test firing and fingerprinting. However, the gun was not transferred to the gun lab, and the property officer was on leave. Also, a videotape that was functioning in the patrol car was not placed into evidence.

*People v. Medley*, No. 272069, 2008 WL 108956, *1 (Mich. App. 2008)

Petitioner was convicted after a jury trial of felon in possession of a firearm, M.C.L.A. 750.224f, carrying a concealed weapon (CCW), M.C.L.A. 750.227, and possession of a firearm in the commission of a felony (felony-firearm), M.C.L.A. 750.227b. He was sentenced to concurrent prison terms of 23 to 60 months for the felon in possession and CCW convictions and a consecutive two-year term for the felony-firearm conviction.

Petitioner appealed his conviction and sentence to the Michigan Court of Appeals, which affirmed in an unpublished *per curiam* opinion. *People v. Medley*, No. 272069, 2008 WL 108956 (Mich. App. 2008). Leave to appeal was denied by the Michigan Supreme Court. *People v. Medley*, 481 Mich. 879 (2008). Justice Marilyn J. Kelly dissented from denial of leave to appeal and would have granted leave to appeal on the issue of whether being a felon in possession of a firearm can be the underlying felony for a conviction of possession of a firearm during the commission of a felony and whether double jeopardy is implicated, for the reasons stated in her concurring opinion in *People v. Calloway*, 469 Mich. 448, 457 (2003).

Petitioner then timely filed the present Petition.

### III. LEGAL STANDARD

28 U.S.C. § 2254(d) imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the f acts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). This Court must also presume correct state court factual determinations. 28 U.S.C. § 2254(e)(1).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An

3

"unreasonable application occurs" when "a state-court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 410-11.

## IV. ANALYSIS

The Petition raises three claims for habeas relief:

I. Does Mr. Medley's consecutive sentencing for both felon in possession of a firearm and felony firearm constitute multiple punishments for the same offense, in violation of double jeopardy protections?

II. Did the improper qualification of an expert witness violate the court rules and deprive Mr. Medley of his constitutional right to due process and a fair trial?

III. Is Mr. Medley entitled to a new trial where defense counsel provided constitutionally ineffective assistance by failing to request a jury instruction based on missing evidence?

Respondent argues in response that Petitioner's first and third claims do not provide a basis for habeas relief because the Michigan courts reasonably applied federal precedent in rejecting those claims. Respondent argues further that Petitioner's second claim for habeas relief is not cognizable in a federal habeas action because it involves a violation of state law, over which this Court does not have jurisdiction.

The Court agrees with Respondent that the Petitioner has failed to establish that he is entitled to habeas relief.

### A. Double Jeopardy

Petitioner was convicted of carrying a concealed weapon, being a felon in possession of a firearm, and for possessing a firearm while committing the felony of being a felon in possession of a firearm. He claims that the convictions for felon in possession and felony

4

firearm, both of which were predicated on a single act of possessing a firearm on a single occasion, violate the Double Jeopardy Clause's prohibition against multiple punishments for a single offense. He asserts that these convictions violate the prohibition against double jeopardy because they have identical elements to be proven and therefore constitute the same offense for purposes of double jeopardy.

Petitioner's double jeopardy claim is without merit. The Double Jeopardy Clause of the Fifth Amendment provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. Amend. V. The amendment applies to the States through the Fourteenth Amendment. *Benton v. Maryland*, 395 U.S. 784, 794 (1969). The clause protects criminal defendants from subsequent prosecutions for the same offense after acquittal, subsequent prosecutions for the same offense after conviction, and multiple punishments for the same offense. *Brown v. Ohio*, 432 U.S. 161, 165 (1977) (citing *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969) (footnotes omitted)).

"Because the substantive power to prescribe crimes and determine punishments is vested with the legislature, the question under the Double Jeopardy Clause whether punishments are 'multiple' is essentially one of legislative intent." *Ohio v. Johnson*, 467 U.S. 493, 499 (1984) (citations omitted). With respect to multiple sentences imposed in a single trial, the Supreme Court has held that the Double Jeopardy Clause only prohibits a court imposing a greater sentence than the legislature intended. *Missouri v. Hunter*, 459 U.S. 359, 366 (1983). "Where... a legislature specifically authorizes cumulative punishment under two statutes, regardless of whether those two statutes proscribe the 'same' conduct..., a court's task of statutory construction is at an end and the prosecutor may seek and the trial court or jury may impose cumulative punishment under such statutes in a single trial." *Id.* at 368-69. Furthermore, "when evaluating whether a state legislature

intended to prescribe cumulative punishments for a single criminal incident, a federal court is bound by a state court's determination of the legislature's intent." *Banner v. Davis,* 886 F.2d 777, 780 (6th Cir. 1989) (citations omitted),

Petitioner's double jeopardy argument fails because the Michigan Supreme Court has considered the question and held that the Michigan legislature intended cumulative punishments for conviction for felon in possession of a firearm and felony firearm, when the felony firearm conviction is premised on the felony of being a felon in possession of a firearm. *People v. Calloway*, 469 Mich. 448 (2003). This Court is bound by the Michigan Supreme Court's determination of the intent of the Michigan legislature. *Banner*, 886 F.2d at 780. Because the Michigan legislature intended for there to be cumulative punishments for felon in possession of a firearm and felony firearm predicated on the single act of possessing a firearm while committing the felony of being a felon in possession of a firearm, Petitioner's convictions and sentences for both felon in possession of a firearm and felony firearm do not violate the double jeopardy clause. *White v. Howes*, 586 F.3d 1025 (2009) (holding that cumulative punishments for Michigan convictions for felon in possession of a firearm and possession of firearm during the commission of a felony did not violate double jeopardy).

Petitioner argues that the Michigan Supreme Court decided *Calloway* wrongly. The Court cannot entertain this argument, however, because it is completely bound by the determination of the Michigan Supreme Court as to the intent of the Michigan legislature. Petitioner, therefore, is not entitled to habeas relief for his first claim.

### B. Admission of Expert Testimony

Petitioner's second claim for relief asserts that the trial court violated his rights to due process and a fair trial by allowing police investigator Nyra Turner to testify that most guns

6

do not yield useful fingerprints. This claim was raised in Petitioner's direct appeal and rejected on the merits by the Michigan Court of Appeals, which held that the trial court did not err in admitting the testimony as lay opinion testimony under Rule 701 of the Michigan Rules of Evidence.

Respondent argues that this claim is not cognizable on habeas review. The Court agrees. Federal habeas corpus relief is not available for errors of state law. *Estelle v. McGuire*, 502 U.S. 62, 67 (1991). Petitioner's argument that the evidence was improperly admitted is based almost solely on the Michigan evidence rules and Michigan cases interpreting those rules. These arguments involving state law errors are not cognizable in this federal habeas action. Furthermore, Petitioner's claim that the evidentiary ruling was "fundamentally unfair" and violative of his rights to due process does not transform his state law claim into a federal constitutional claim. *Cf. Petrucelli v. Coombe*, 735 F.2d 684, 688 (2d Cir. 1984) ("'Alleging lack of a fair trial does not convert every complaint about evidence or prosecutor's summation into a federal due process claim'") (quoting *Daye v. Attorney General*, 696 F.2d 186, 193 (2d Cir. 1982) (other citations omitted)).

To the extent that Petitioner is claiming that the admission of the investigator's testimony violated his federal due process rights, that claim lacks merit. Trial court error in the application of state law rules does not create a federal constitutional claim cognizable in a habeas action unless the error "'so infected the entire trial that the resulting conviction violates due process.'" *Hill v. Mitchell*, 400 F.3d 308, 333 (6th Cir. 2005) (*quoting Estelle*, 502 U.S. at 72).

> When an evidentiary ruling is so egregious that it results in a denial of fundamental fairness, it may violate due process and thus warrant habeas relief. *Coleman*, 244 F.3d at 542; *Seymour v. Walker*, 224 F.3d 542, 552 (6th Cir.2000). Nonetheless, "courts 'have defined the category of infractions that violate 'fundamental fairness' very narrowly.' " *Wright v. Dallman*, 999 F.2d 174, 178 (6th Cir.1993) (quoting *Dowling v. United States*, 493 U.S. 342, 352 (1990)). "Generally, state-court evidentiary rulings

7

> cannot rise to the level of due process violations unless they 'offend[ ] some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental.' " *Seymour,* 224 F.3d at 552 (quoting *Montana v. Egelhoff*, 518 U.S. 37, 43 (1996)).

*Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003)

Petitioner asserts that the admission of the police investigator's lay testimony violated his right to a fair trial and due process. Petitioner, however, fails to cite any federal case establishing that the admission of lay opinion testimony offends fundamental principles of justice, and the Court is aware of none. The Michigan courts found the testimony proper and admissible. Petitioner has failed to meet his burden of showing that the this holding was contrary to or an unreasonable application of clearly established United States Supreme Court precedent. 28 U.S.C. § 2254(d). Petitioner has therefore failed to establish his entitlement to habeas relief for his second claim.

### C. Ineffective Assistance of Counsel for Failure to Request Jury Instruction

In his third claim, Petitioner argues that relief should be granted because he was denied the effective assistance of trial counsel. He argues that his trial counsel was ineffective because trial counsel failed to request an adverse inference jury instruction based upon the failure of the police to produce at trial the gun, the results of any fingerprint tests on the gun, and a videotape from the patrol car that the trial court had ordered produced to the defense but which had not been produced. An adverse inference instruction would have instructed the jury that it could infer that the evidence that was not produced would have been unfavorable to the prosecution.

The Michigan Court of Appeals held that trial counsel's failure to request an adverse inference instruction was not ineffective because Petitioner was not entitled to an adverse inference instruction as a matter of Michigan law. The court found that a defendant is entitled to an adverse inference instruction concerning the loss or destruction of potentially

8

exculpatory evidence only on a showing of bad faith and that the Petitioner had failed to show that the state had acted in bad faith in failing to produce the evidence at issue. The court held that "[w]hile the prosecution's explanations of nonproduction of the evidence left much to be desired, they showed nonculpable conduct by police department employees and not bad faith." *People v. Medley*, 2008 WL 108956 at *1 (citing *People v. Davis*, 199 Mich. App 502, 515 (1993)). The Michigan court held, further, that Petitioner had shown neither that his counsel's performance was defective nor that it was prejudicial. *Id.*

Because the Michigan Court of Appeals addressed this claim on the merits, the Court's review is limited by 28 U.S.C. § 2254. The Michigan court's factual holdings are presumed correct absent clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e). Relief may be granted only if the decision of the Michigan court was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding or was contrary to or an unreasonable application of clearly established federal law as established by the holdings of the United States Supreme Court. 28 U.S.C. § 2254(d). Upon review of the record, the Court holds that the Michigan court's rejection of Petitioner's ineffective assistance of counsel claim neither unreasonably determined the facts nor unreasonably applied clearly established federal law.

The two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), governs claims of ineffective assistance of counsel. To show a violation of the Sixth Amendment right to effective assistance of counsel, a petitioner must establish that his attorney's performance was deficient and that the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687. An attorney's performance is deficient if "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. The petitioner must show "that counsel made errors so serious that counsel was not functioning

as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. "Judicial scrutiny of counsel's performance must be highly deferential."  *Id.* at 689.

An attorney's deficient performance is prejudicial if "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. The petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Id.* at 694. Unless the petitioner demonstrates both deficient performance and prejudice, "it cannot be said that the conviction [or sentence] resulted from a breakdown in the adversary process that renders the result unreliable." *Id.* at 687.

> Surmounting *Strickland's* high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. ——, ——, 130 S.Ct. 1473, 1485 (2010). An ineffective-assistance claim can function as a way to escape rules of waiver and forfeiture and raise issues not presented at trial, and so the *Strickland* standard must be applied with scrupulous care, lest "intrusive post-trial inquiry" threaten the integrity of the very adversary process the right to counsel is meant to serve. *Strickland*, 466 U.S., at 689–690. Even under de novo review, the standard for judging counsel's representation is a most deferential one. Unlike a later reviewing court, the attorney observed the relevant proceedings, knew of materials outside the record, and interacted with the client, with opposing counsel, and with the judge. It is "all too tempting" to "second-guess counsel's assistance after conviction or adverse sentence." *Id.*, at 689, 104 S.Ct. 2052; *see also Bell v. Cone*, 535 U.S. 685, 702 (2002); *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993). The question is whether an attorney's representation amounted to incompetence under "prevailing professional norms," not whether it deviated from best practices or most common custom. *Strickland*, 466 U.S., at 690.
>
> Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. The standards created by *Strickland* and § 2254(d) are both "highly deferential," *id.*, at 689; *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997), and when the two apply in tandem, review is "doubly" so, *Knowles*, 556 U.S., at ——, 129 S.Ct. at 1420. The *Strickland* standard is a general one, so the range of reasonable applications is substantial. 556 U.S., at ——, 129 S. Ct. at 1420 . Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard.

*Harrington v. Richter*, __ U.S. __, 131 S.Ct. 770, 788 (2011)

The Michigan Court of Appeals held that trial counsel's failure to request an adverse inference instruction was not deficient because the Petitioner was not entitled to an adverse inference instruction as a matter of Michigan law. The court held that because Petitioner was not entitled to an adverse inference instruction, trial counsel was not ineffective in failing to request one.

The Michigan Court of Appeals decision is supported by the record. The police investigator testified that, although she submitted paperwork to have the gun fingerprinted, the gun was not fingerprinted, apparently because the property officer did not transfer the gun to the gun lab. As for the videotape, Officer Johnson testified without explanation that he did not place the videotape on evidence. Concerning the gun, Investigator Turner testified that she was unable to produce the gun at trial because she had short notice that she was going to have to testify at trial and the property officer who kept track of the evidence was on leave the day of the trial. The Michigan court's finding that there was no evidence of bad faith was reasonable on this record, and the Petitioner has failed to establish otherwise. The record supports the finding of the Michigan Court that there was no evidence that the non-preservation or non-production of the evidence was done in bad faith. The Michigan court's holding that the Petitioner was not entitled to an adverse inference instruction as a matter of Michigan law is binding on this Court. *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) ("We have repeatedly held that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus"). Since Petitioner was not entitled to an adverse inference instruction, his counsel was not ineffective for failing to request such an

instruction, and Petitioner has therefore failed to establish the first prong of the *Strickland* test.

Petitioner has failed to satisfy the "doubly" deferential standard by which ineffective assistance of counsel claims are measured on habeas review. He is not entitled to habeas relief on his claim of ineffective assistance of counsel.

## V. CERTIFICATE OF APPEALABILITY

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings requires the district court to issue or deny a certificate of appealability "when it enters a final order adverse to the applicant."

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation omitted). In this case, the Court concludes that reasonable jurists could not debate the Court's conclusion that the Petition fails to establish a right to habeas corpus relief. The Court therefore will deny a certificate of appealability.

## VI. CONCLUSION

For the reasons stated above, the petition for a writ of habeas corpus and a certificate

of appealability are **DENIED** and the matter is **DISMISSED**.

    **SO ORDERED**.

                                      s/Denise Page Hood
                                      United States District Judge

Dated: June 30, 2011

I hereby certify that a copy of the foregoing document was served upon Olden Medley#330935, 14615 Strathmoor, Detroit, MI 48227 and counsel of record on June 30, 2011, by electronic and/or ordinary mail.

                                      s/LaShawn R. Saulsberry
                                      Case Manager